J-S80020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| THOMAS MOSSER, II | : | |
| Appellant | : | No. 2547 EDA 2017 |

Appeal from the Order July 13, 2017
In the Court of Common Pleas of Northampton County Criminal Division at
No(s):  CP-48-CR-0004167-2007

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 09, 2018**

Appellant, Thomas Mosser, II, appeals *pro se* from the order denying his purported post-sentence motions in the above-captioned matter.  We vacate and remand for the appointment of PCRA counsel and further proceedings.

We summarize the history of this case as follows.  On March 4, 2008, Appellant pled guilty to one count each of burglary, criminal trespass, and bad checks.  On March 19, 2008, the trial court sentenced Appellant to serve an aggregate term of incarceration of two years, five months, and twenty-nine days to ten years.  On March 25, 2008, Appellant filed a motion for reconsideration of his sentence, which the trial court denied on March 26, 2008.  Appellant did not file a direct appeal from the judgment of sentence.

On July 3, 2017, Appellant filed three *pro se* motions titled as follows:

(1) "Application for Leave to file Post-Sentence Motions Nunc Pro Tunc," (2) "Motion to Modify and Reduce Sentence Nunc Pro Tunc,"[1] and (3) "Motion for Use of Two-Way Simultaneous Audio-Visual Communication in Criminal Proceeding." The trial court entered an order denying Appellant's motions on July 13, 2017. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues on appeal:

1.) Even if the Lower Court states that they do not have jurisdiction; did Appellant not follow the correct procedure in raising a question as to the legality of his sentence; which is non-time-barred, and therefore, if an error of Statutry [sic] Authorization does indeed exist, should not this Honorable Superior Court Grant Appellant relief in changing or "merging" his imposed sentence?

2.) If there is no Statutory Authorization for an imposed sentence, even if that sentence is imposed during the acceptance of a plea agreement, is it not determined that the said sentence is indeed illegal and therefore must be vacated according to law?

Appellant's Brief at 7.

---

[1] In his motion to modify and reduce sentence, Appellant challenged the legality of his sentence by contending that his convictions of burglary and criminal trespass should have merged for sentencing purposes. Motion to Modify and Reduce Sentence, 7/3/17, at 2-6. In addition, Appellant averred that his trial counsel was ineffective in that trial counsel abandoned him after the imposition of his judgment of sentence. *Id*. at 7-9.

Initially, we note that on July 3, 2017, over nine years after Appellant's judgment of sentence became final,[2] Appellant filed three motions with the trial court, which the trial court denied ten days later. It is well-established that any document filed after the judgment of sentence becomes final must be treated as a petition for post-conviction relief, regardless of how a petitioner or counsel titles it or the fact that Appellant indicated that he did not want his motions to be treated as a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. **See Commonwealth v. Kubis**, 808 A.2d 196, 199 (Pa. Super. 2002) (explaining that the PCRA is the sole means for obtaining collateral review and any petition filed after judgment of sentence is final is treated as a PCRA petition); **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) (treating the appellant's motion as PCRA petition "regardless of the manner in which the petition is titled"); **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000) (approving the trial court's determination that the appellant's "motion to correct illegal sentence" was a PCRA

---

[2] A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

petition). Consequently, Appellant's motions filed on July 3, 2017, must be considered to be Appellant's first PCRA petition.[3]

Because Appellant's July 3, 2017 motions should have been treated as Appellant's first PCRA petition, he was entitled to the appointment of counsel. Under our Commonwealth's Rules of Criminal Procedure promulgated by the Pennsylvania Supreme Court, it is mandated that an indigent petitioner be appointed counsel to represent him on his first PCRA petition. Pa.R.Crim.P. 904. The comment to Rule 904 states the following:

> Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel.

Pa.R.Crim.P. 904 cmt. The purpose of Rule 904 is to ensure that an indigent litigant be provided counsel for at least his first PCRA petition.

---

[3] We note, as did the trial court, that Appellant requested that his motion not be treated as a PCRA petition. Motion to Modify and Reduce Sentence, 7/3/17, at 5. *See* Trial Court Order, 7/13/17, at 2 (stating "[w]e also note that within his Motions, [Appellant] explicitly stated that he did not want his motions to be treated as a PCRA.") However, the plain language of the PCRA demonstrates that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). Appellant's claims challenging the legality of his sentence and the effective assistance of his trial counsel are cognizable under the PCRA; therefore, Appellant is precluded from seeking relief outside of the PCRA. Thus, the trial court had no authority to entertain Appellant's motions except under the strictures of the PCRA.

Our Supreme Court has explained that this rule-based right is not simply a right to counsel, but a right to effective assistance of counsel. **_Commonwealth v. Haag_**, 809 A.2d 271, 282-283 (Pa. 2002). "The guidance and representation of an attorney during collateral review 'should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone.'" **_Id_**. (quoting **_Commonwealth v. Albert_**, 561 A.2d 736, 738-739 (Pa. 1989)). **_See also Commonwealth v. Smith_**, 818 A.2d 494, 500-501 (Pa. 2003) (stating that "Rule 904 mandates that an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply").

Likewise, this Court has long mandated that "counsel be appointed in _every_ case in which a defendant has filed a motion for post-conviction collateral review for the _first_ time and is unable to afford counsel. . . ." **_Commonwealth v. Kaufmann_**, 592 A.2d 691, 695 (Pa. Super. 1991) (emphasis in original). **_See Commonwealth v. Lindsey_**, 687 A.2d 1144, 1144-1145 (Pa. Super. 1996) (reasoning that Pa.R.Crim.P. 904(a) provides that a PCRA petitioner is entitled to counsel for his first PCRA petition, regardless of the merits of his claim). The failure to appoint counsel to assist an indigent, first-time PCRA petitioner is manifest error. **_Kutnyak_**, 781 A.2d at 1262. This principle has been reinforced on numerous occasions, and the cases have required appointment of counsel where the

initial *pro se* petition is seemingly wholly without merit, ***Kaufmann***, 592 A.2d at 695; where the issue has been previously litigated or is not cognizable under the PCRA, ***Commonwealth v. Luckett***, 700 A.2d 1014, 1016 (Pa. Super. 1997); where the petition is untimely, ***Commonwealth v. Ferguson***, 722 A.2d 177, 179-180 (Pa. Super. 1998); and where the petitioner has not requested appointment of counsel, ***Guthrie***, 749 at 504. In addition, it bears repeating that our courts will not hold an indigent *pro se* petitioner responsible for presenting a cognizable claim for PCRA relief until that petitioner has been given the opportunity to be represented by appointed counsel. ***Commonwealth v. Evans***, 866 A.2d 442, 445 (Pa. Super. 2005). In summary, "before the trial court disposes of a first post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition." ***Commonwealth v. Hampton***, 718 A.2d 1250, 1253 (Pa. Super. 1998) (quoting ***Commonwealth v. Van Allen***, 597 A.2d 1237, 1239 (Pa. Super. 1991)) (emphasis omitted).

Here, it is undisputed that after Appellant's judgment of sentence became final he filed *pro se* motions on July 3, 2017, which should have been considered as first PCRA petitions. Rather than appoint counsel, the trial court dismissed the motions on July 13, 2017. This was clearly error and requires remand for the immediate appointment of counsel to comply with the dictates of Pa.R.Crim.P. 904. Appellant must be given that right

immediately so that he may file a counseled PCRA petition.[4]  Consequently, because Appellant was improperly denied the assistance of counsel for any PCRA petition, we vacate the order below and remand for the appointment of PCRA counsel within five days of the date of this memorandum, an opportunity for newly appointed counsel to immediately file an amended petition raising any possible exceptions to the time requirements of the PCRA, and for any further proceedings that are necessary.

Order vacated.  Case remanded for the appointment of counsel within five days of the date of this memorandum and further proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:2/9/18

---

[4]   Because Appellant is indigent as evidenced by his current *in forma pauperis* status, the PCRA court should have appointed counsel to assist him in the preparation of his petition.  Thus, we are obligated to remand this case to the PCRA court for the appointment of counsel.